IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARIA ROMERO DE LOPEZ,
Individually and on Behalf of
Others Similarly Situated                                                                    PLAINTIFF

v.                                        Case No. 5:13-CV-05272

OZARK MOUNTAIN POULTRY, INC.,
d/b/a FORESTER FARMER'S MARKET,
FORESTER FARMERS MARKET,
FORESTER FARMERS' MARKET, and
OMP; and EDWARD O. FRYAR, JR.                                                        DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-in Plaintiffs, and to Send Court-approved Notices (Doc. 5) and brief in support (Doc. 6); Defendants' Response in Opposition (Doc. 16) and brief in support (Doc. 17); and Plaintiff's Reply (Doc. 19). The Court held a hearing on Plaintiff's Motion for Conditional Certification (Doc. 5) on April 24, 2014, with counsel and representatives from the parties present for oral argument on the Motion. As explained in further detail in this Opinion and Order, Plaintiff's Motion (Doc. 5) is GRANTED IN PART AND DENIED IN PART.

Also pending is Plaintiff's Unopposed Motion to Substitute Proposed Notice of Right to Join Lawsuit, Proposed Consent to Join Collective Action, and Proposed Second Notice of Right to Join Lawsuit (Doc. 20). Plaintiff wishes to substitute the proposed notice and consent forms originally submitted with her Motion for Conditional Certification (Doc. 5) in order to remove the name of an attorney no longer associated with the case and to update the forms with the name of the presiding judge. As described herein, this Motion (Doc. 20)

is DENIED AS MOOT.

**I.     Background and Legal Standard**

Plaintiff Maria Romero de Lopez, on behalf of herself and others similarly situated, moves the Court for conditional certification of a class pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The FLSA is a federal statute governing minimum wages, maximum hours worked, and overtime compensation.  The statute allows an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  This type of lawsuit, known as a collective action, requires that each potential plaintiff "opt in," or "give his consent in writing to become such a party" to a collective claim for unpaid wages.  *Id.*  Plaintiff asks the Court to conditionally certify an FLSA class defined as:

> All current and former employees of Defendants, who were employed as hourly poultry production plant employees at Defendants' Rogers facility during the statutory period, and who were not fully compensated for all donning and doffing time, walking time and lunch time.

(Doc. 29, pp. 8-9).

In Plaintiff's Amended Complaint, she alleges that Defendants required her to work off the clock, but failed to compensate her for off-the-clock time.  *Id.* at p. 11.  Plaintiff also submits an affidavit in support of her Motion for Conditional Certification, in which she affirms that she and other "hourly poultry production plant employees" were not fully compensated for their time spent donning and doffing the required uniform and personal protective equipment.  (Doc. 5-1, p. 2).  In particular, Plaintiff asserts that she and others similarly situated were not adequately compensated for time spent walking to and from the donning and doffing areas to the production lines prior to and after each shift.  Further, she

alleges that time spent donning and doffing clothing and protective equipment each day was unlawfully subtracted from her and others' 30-minute meal breaks. *Id.* at p. 2. Plaintiff estimates that there are approximately 400 employees who performed or are performing jobs similar to the ones she performed at Defendants' poultry plant and are or were subject to the same policies regarding donning and doffing and hourly compensation. *Id.* at pp. 2-3.

Defendants oppose the conditional certification of Plaintiff's proposed class for a number of reasons. They argue that over the course of Plaintiff's employment, she held 3 out of 59 positions available at the Rogers, Arkansas poultry plant.[1] Defendants maintain that employees at the plant, depending on their particular job descriptions, do not wear the same clothing and equipment, do not spend similar amounts of time donning and doffing such clothing and equipment or moving from the plant's time clocks to the different work stations, and do not receive wages calculated in a like manner. (Doc. 17, p. 2). For these reasons, Defendants contend that Plaintiff is not similarly situated to the putative class members, and a conditional class should not be certified.

Defendants also assert that there is no single decision, policy, or plan in place at the Rogers plant that indicates that a collective action is an appropriate litigation strategy to

---

[1] Much of Defendants' argument in opposition to conditional certification centers around the fact that Defendants' poultry plant in Rogers, Arkansas, where Plaintiff was employed, is organized and operates in a vastly different manner than the plant in Batesville, Arkansas. This means that the hourly employees at the Batesville plant are likely not similarly situated to Plaintiff or to other employees at the Rogers plant. In Plaintiff's Reply, she "concedes that she does not currently have sufficient facts relevant to Defendants' Batesville facility, and therefore requests only that the employees of Defendants' Rogers facility who meet the class definition be included in Plaintiff's proposed class." (Doc. 19, p. 2). Accordingly, the proposed class definition has been modified to include only employees of the Rogers plant.

address these employees' claims. Further, Defendants contend that Plaintiff has produced no evidence that other employees would be interested in opting into the potential class.

## II. Discussion

### A. Conditional Certification

The Eighth Circuit has not yet announced standards that district courts must use in evaluating collective actions pursuant to the FLSA. *Resendiz-Ramirez v. P&H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007). In the absence of such guidance, numerous district courts in this Circuit, including this Court, have approved of the procedures announced in the Fifth Circuit case of *Mooney v. Aramco Services Co.*, 4 F.3d 1207, 1212 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), which establishes a two-step process for certifying a collective action. *Aaron v. Summit Health and Rehab., LLC*, 2014 WL 1095829 (W.D. Ark. Mar. 19, 2014) (citing *Mooney* for the prevailing approach used by federal courts in certifying collective actions); *Garrison v. ConAgra Packaged Foods, LLC*, 2013 WL 1247649 (E.D. Ark. Mar. 27, 2013) (same); *Shackleford v. Cargill Meat Solutions Corp.*, 2013 WL 209052 (W.D. Mo. Jan. 17, 2013) (same); *Burch v. Qwest Commc'ns Int'l, Inc.*, 677 F. Supp. 2d 1101 (D. Minn. 2009) (same).

The two-step process described in *Mooney* involves a progressively more rigorous analysis as to whether a putative class of plaintiffs is "similarly situated," as described in § 216(b) of the FLSA, and thus suited for the collective action model as a means of efficiently litigating their claims. *Mooney* labels the first step in the inquiry as the "notice stage" and the second step as the "decertification stage," as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

54 F.3d at 1213-14.

Plaintiff's Motion for Conditional Certification now comes before the Court at the preliminary "notice stage." Accordingly, the Court is tasked with the job of identifying whether, prior to taking discovery in the case and after considering only the pleadings and affidavits, conditional certification of a class of similarly situated employees is appropriate.

Courts have acknowledged that "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees . . . ." *Id.* At the notice stage, the plaintiff must only make "a modest factual showing sufficient to demonstrate that she and potential plaintiffs together were victims of a common policy or plan that violated the law." *Garrison*, 2013 WL 1247649, at *2. While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL

211943, at *2 (E.D. Mo. Jan. 27, 2009) (quoting *Barron v. Henry Cnty. Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003)).

The inquiry is made somewhat complicated by the fact that the term "similarly situated" is not defined in the FLSA. District courts in this Circuit have therefore considered a variety of factors—no single one of which is dispositive—in determining whether a plaintiff and proposed class are similarly situated at the notice stage, including: (1) whether the plaintiffs hold the same job title; (2) whether they work or worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices established in the same manner by the same decision-maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Watson v. Surf-Frac Wellhead Equip. Co., Inc.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir.1996)).

Having reviewed Plaintiff's Motion in light of the relevant standards and applicable factors, the Court finds she has met her burden of demonstrating that she is similarly situated to potential class members to the extent necessary to justify court-authorized notice to the proposed class. In exploring whether the hourly workers in Defendants' Rogers plant hold the same job title, it is clear they do not. There are apparently dozens of discrete functions required to prepare poultry for market, from cutting the meat to packaging it. However, as to whether all "hourly poultry production plant employees"—as they are identified in the proposed class definition—are or were subject to the same employment-related policies and practices, the Court is persuaded that they share more

similarities than they do differences.  For example, a "skin puller," a "meat checker," and a "dark meat deboner" may all wear different protective equipment at their work stations, but these differences do not appear to be so material—at least at this preliminary stage of the inquiry—as to warrant refusal to conditionally certify a class.  All hourly production employees at the Rogers plant have a number of things in common:  they are paid on an hourly basis, clock in and out, don and doff uniforms and equipment, walk to and from their work stations, and take 30-minute meal breaks.  The work conditions and resulting pay policies complained of by Plaintiff thus appear to affect all hourly production employees equally.[2]

With respect to Defendants' argument that conditional certification will involve a fact-intensive inquiry into each putative class member's job functions and pay structure, the Court is unpersuaded that an onerous factual inquiry will be needed.  Plaintiff's affidavit, though not as detailed as the Court would like, provides the Court with enough assurance that the process of identifying putative class members will be straightforward.

Finally, as to Defendants' argument that Plaintiff has not adequately proven that potential class members are interested in joining the litigation, the Court observes that other district courts in the Eighth Circuit and elsewhere are split with respect to whether

---

[2] Defendants' counsel advised at the hearing that some plant employees may not qualify for inclusion in the class.  Plant sanitation workers, for example, are not "production" employees, as they do not prepare or package poultry or otherwise "produce" any product for eventual sale.  To the extent other plant employees are paid on a true "piece-rate" basis—by the number of pieces, or pounds, of poultry produced—these workers may not meet the "hourly" prong of the class definition, as they are not paid according to the numbers of hours worked.  The presence of some workers at the plant who do not meet the class definition does not, in and of itself, justify a refusal to certify the class. Identifying and excluding the workers who do not meet the class definition should be a fairly uncomplicated process.

plaintiffs must demonstrate such interest.  *See Helmert v. Butterball, LLC*, 2009 WL 5066759, at *4–5 (E.D. Ark. Dec. 15, 2009) (collecting cases).  The Court will not decide the issue one way or the other at this time, but will simply observe that if Plaintiff were required to produce some evidence that others wished to join the class, her affidavit would be sufficient to satisfy that burden.

      B.    Notice

Defendants disagree with all aspects of the proposed notice and consent forms that Plaintiff has submitted for approval, as well as the notice procedures suggested by Plaintiff. At the hearing, however, the parties agreed on the record that they were capable of working together to decide on the wording of mutually agreeable notice and consent forms. Accordingly, the Court directs counsel for the parties to confer and submit to the Court within 14 days of the date of this Order a set of agreed notice documents, which, if appropriate, will be immediately reviewed as to form for final approval.  At the time of approval of the agreed notice forms, the Court will enter an order setting forth a timetable for the completion of discovery and deadlines for briefing and responding to a future defense motion to decertify, which will be decided in the second step of the FLSA certification process pursuant to *Mooney*.

If for some reason the parties are unable to come to agreement on the notice language, they are ordered to jointly notify the Court within 14 days of the date of this Order as to their inability to agree and submit to the Court their competing notice proposals.  In light of the Court's desire for the parties to craft an agreed set of notice and consent forms, Plaintiff's Motion to Substitute Proposed Notice (Doc. 20) is denied as

moot.

With respect to the class definition described herein, the Court finds that an opt-in period of 90 days[3] is reasonable and should begin immediately after the Court approves the agreed notice and consent forms. Further, Defendants are ordered to produce the full names, aliases, last dates of performance, home addresses, and email addresses[4] for all putative class members. This contact information should be supplied to Plaintiff's counsel within 14 days of the date of this Order.

Once the notice is approved by the Court, it should be posted at the Rogers plant in both English and Spanish during the opt-in period.[5] In addition, the Court also approves of Plaintiff's request to reproduce the notice in a Spanish-language newspaper of general circulation in Arkansas[6] and to send follow-up postcards to class members who have not

---

[3] Defendants object, without meaningful explanation, to the 90-day duration of the opt-in period. The Court, however, finds the time period to be neither unduly burdensome nor prejudicial to Defendants.

[4] Defendants object to providing their employees' email addresses, calling such a requirement an "unnecessary and an undue intrusion on the defendants' e-mail system, which is reserved for business purposes." (Doc. 17, pp. 20-21). The Court finds that providing class members' email addresses to Plaintiff's counsel is neither unnecessary nor burdensome. Moreover, utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself.

[5] Defendants object to posting the notice in English and Spanish at the plant because doing so would be "disruptive" and "unnecessary." *Id.* at p. 21. Defendants' objection is unreasonable. Posting notice in the manner Plaintiff requests is a widely accepted practice in collective actions involving large groups of workers at plants or factories.

[6] Again, Defendants' objection to notice by means of publication is made without explanation. The Court finds it reasonable to allow such publication.

responded within 30 days of the mailing of the written notice.[7]

    **C.    Equitable Tolling**

Turning now to Plaintiff's argument that the action be equitably tolled for statute of limitations purposes, the Court agrees that due to the particular procedural history of this case, some period of equitable tolling is in order. "An action is commenced under the FLSA when a party files suit. In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action." *Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). To calculate the damages period for an FLSA class member, if the employer's violation is deemed "willful," the class member's claim extends for three years prior to the date the consent form is filed; and if the employer's violation is not willful, the claim extends for only two years prior to the date of written consent. 29 U.S.C. §§ 255, 256.

"The doctrine of equitable tolling does not apply to 'garden variety' claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011). There is nothing exceptional about the normal delay associated with the litigation process. *See Garrison*, 2013 WL 1247649, at *5. However, in certain unique circumstances in which there has been unusual delay not attributable to a lack of diligence on the part of the plaintiff or putative class members, equitable tolling may be justified as a remedy.

The inquiry into whether equitable tolling should occur in an FLSA case is, of necessity, fact-specific. *See, e.g., Culess v. Great Am. Real Food Fast,* Inc., 280 F.R.D.

---

[7] Defendants' predictable objection to this request for follow-up notice is likewise overruled.

429, 435 (S.D. Ill. 2012) (time tolled until court ruled on motion regarding discovery dispute, prior to filing motion for conditional certification); *Warren v. Twin Islands, LLC*, 2012 WL 346681, at *3 (D. Idaho Feb. 2, 2012) ("The Court does note, however, that this motion remained pending for an unusually long time . . . The Court aspires to decide all motions within 30 to 45 days of their being ripe. Because that did not happen here—through no fault of either party—the Court will toll the statute of limitations from October 9, 2011 through the date this Order is entered."); *Putnam v. Galaxy 1 Marketing, Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011) (statute of limitations tolled during period of time that the motion for conditional certification was being considered); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010) (FLSA action tolled while court decided dispute regarding notice provisions); *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (FLSA action equitably tolled pending Multidistrict Litigation Panel's decision on transfer).

The Court finds that there was an unusually long delay between the filing of the Motion for Conditional Certification on November 25, 2013, and today's date, on which the Order on the Motion was issued. A brief recitation of the procedural history of the case helps explain why this occurred. Shortly after the original Motion was filed, the Court granted Defendants' unopposed Motion for Extension of Time to File a Response (Doc. 8) and Plaintiff's Motion for Extension of Time to file a Reply (Doc. 13). After all parties fully briefed the Motion, it became ripe for decision as of February 19, 2014. Approximately one month later, on March 13, 2014, the case was transferred to the undersigned; and two weeks after that, on April 4, 2014, the Court gave notice to the parties of its intent to

conduct a hearing on the Motion. The parties were consulted as to a mutually agreeable date for the hearing, the hearing ultimately took place on April 24, 2014. Since the date of the hearing, the Court has taken the matter of conditional certification under advisement.

Considering these circumstances, the statute of limitations will be tolled from November 25, 2013, until the date of this Order.

### III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-in Plaintiffs, and to Send Court-approved Notices (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) a class as defined in this Order is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b);

(2) the proposed notice, consent, and second-notice (postcard) forms submitted by Plaintiff along with her Motion for Conditional Certification are not approved at this time; instead, counsel for the parties are directed to confer and submit to the Court within 14 days of the date of this Order a set of agreed notice documents, which the Court will review as to form, and, if appropriate, approve for dissemination to the opt-in class; if counsel cannot agree on the content of the notice documents, they shall notify the Court within 14 days of the date of this Order and submit their competing proposals for the Court's review;

(3) once all notice documents are approved, the Court will enter an order setting

forth deadlines regarding opt-in procedures, discovery, and a briefing schedule for Defendants' motion for decertification;

(4) within 14 days of the date of this Order, Defendants shall produce to Plaintiff's counsel the full names, aliases, and last dates of performance for all putative class members who were employed by Defendants at the Rogers facility within the relevant time period, as well as the last known home and email addresses for all members of the putative class, with the understanding that Plaintiff's counsel is to treat this information as confidential and is not to disclose it to third parties;

(5) the Court approves an opt-in period of 90 days, commencing the day after the Court issues its order approving the agreed notice documents;

(6) the Court approves the posting, in both Spanish and English, of the notice form at Defendants' Rogers plant during the 90-day opt-in period;

(7) the Court approves the publication of the notice form in a Spanish-language newspaper of general circulation in Arkansas during the 90-day opt-in period;

(8) the Court approves sending follow-up second-notice forms (postcards) to any class member who has not responded within 30 days of the mailing of the written notice; and

(9) the Court hereby orders that the statute of limitations will be equitably tolled from November 25, 2013, until the date of this Order for all class members' claims.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Substitute Proposed Notice of Right to Join Lawsuit, Proposed Consent to Join Collective Action, and

Proposed Second Notice of Right to Join Lawsuit (Doc. 20) is **DENIED AS MOOT** in light of the Court's directive that counsel submit an agreed set of notice documents.

**IT IS SO ORDERED** this \_\_17th\_\_ day of June, 2014.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE